**Thomas F. CONROY**

v.

**TOWN OF DANFORTH, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 3, 1991.
Decided Nov. 27, 1991.

---

. . . . .

17–A M.R.S.A. § 107 (1983).

Peter A. Anderson (orally), Bangor, for appellant.

Kevin M. Cuddy (orally) Cuddy & Lanham, Bangor, for H.C. Haynes, Inc.

John A. Mitchell (orally), Calais, for Walter Aniskoff, Jr.

Torrey A. Sylvester (orally), Houlton, for Town of Danforth.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

Thomas F. Conroy, who is now a colonel in the United States Army and has been on continuous active duty since 1966, brought the present action in the Superior Court (Washington County, *Beaulieu, J.*) seeking to quiet title to certain land in Danforth that the Town of Danforth had purported to acquire from him by statutory foreclosure of a tax lien mortgage for nonpayment of taxes. In the action, which also sought damages for trespass, Conroy joined as additional defendants two private parties to whom the Town had sold the land by quitclaim deed after the statutory 18–month period of redemption had expired. For the purpose of this action, the parties made the following stipulation:

> [A]ll of the statutory proceedings allowing the Town to acquire property for nonpayment of taxes were properly followed in this particular instance, including notice and recording requirements; and ... were it not for the Soldiers' and Sailors' Civil Relief Act [of 1940, as amended, 50 U.S.C.App. §§ 501–591 (1988) ], the Town's title would have been perfected in this particular instance.

Rejecting Conroy's contention, the court ruled in a full opinion that the Soldiers' and Sailors' Civil Relief Act did not protect Conroy from the running of the 18–month redemption period. The court accordingly entered judgment for the Town of Danforth and the other defendants.

As the sole issue on his appeal to this court, Conroy challenges the Superior Court's interpretation of the Soldiers' and Sailors' Civil Relief Act. We are evenly divided on that issue.

Accordingly, the entry is:

Judgment for defendants affirmed by an evenly divided court.

All concurring.